UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Naftali Konigsberg,<br>individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-v.-<br><br>I.C. System, Inc.;<br>and John Does 1-25,<br><br>Defendants. | Case No.: 7:21-cv-5081<br><br>**CLASS ACTION COMPLAINT**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff Naftali Konigsberg brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against Defendant I.C. System, Inc. ("ICS"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.      The Fair Debt Collection Practices Act ("FDCPA') was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). This was because "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* The Act concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.      The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer

protection laws were inadequate, *Id.* § 1692(b), consumers were given a private cause of action against debt collectors who fail to comply with the Act. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court also has pendant jurisdiction over the State law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is a substantial part of the events or omissions giving rise to the claim occurred and where the Plaintiff resides.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under Section 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Rockland.

8. Defendant ICS is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with a service address c/o C T Corporation, 28 Liberty St., New York, New York, 10005.

9. Upon information and belief, Defendant ICS is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

11. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:

   a. all individuals with addresses in the State of New York;

   b. to whom Defendant ICS sent an initial letter;

   c. attempting to collect a consumer debt;

   d. in three sub-classes where the letter

      1. lists contradictory amounts of fees owed;

      2. improperly charges a collection fee; or

      3. includes multiple addresses without identifying which is the correct destination for disputes; and

   e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf it attempts to collect and/or has purchased debts.

14. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communication to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

16. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communication to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

   c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

      d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

      e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19.    Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20.    Plaintiff repeats the above allegations as if set forth here.

21. Some time prior to December 18, 2020, Plaintiff allegedly incurred an obligation to non-party Verizon Wireless ("Verizon").

22. The obligation arose out of transactions incurred primarily for personal, family, or household purposes, specifically cellular telephone service.

23. The alleged Verizon obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

24. Verizon is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

25. According to Defendant's letter, Verizon "turned over" the debt to Defendant ICS for collection.

26. In the letter described below, ICS identifies itself as a "collection agency".

27. Defendant ICS collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation – December 18, 2020 Collection Letter*

28. On or about December 18, 2020, Defendant ICS sent Plaintiff an initial collection letter regarding the alleged debt. See Letter attached as Exhibit A.

29. The Letter states in an "**ACCOUNT SUMMARY**" inter alia:

| | |
|---|---|
| Charged-Off Balance: | $107.07 |
| Since Charge-Off Interest Accrued: | $0.00 |
| Since Charge-Off Charges and Fees: | $0.00 |
| Since Charge-Off Payments: | $0.00 |
| Principal Due: | $107.07 |
| Collection Charge Due: | $10.70 |

30. The amounts listed are contradictory.

31. The amount of charges and fees since charge-off is listed as zero yet there is a "Collection Charge" of $10.70.

32. The charges cannot be both zero and $10.70 simultaneously.

33. This alleged collection charge was only added after charge-off.

34. It is deceptive, false, misleading and unfair to state these two contradictory amounts.

35. Plaintiff was confused as to how much is being alleged as owed.

36. Because of this confusion, Plaintiff's altered his course of conduct.

37. Defendant's actions caused Plaintiff to change his course of conduct to his detriment.

38. The Letter further states that Plaintiff should "MAKE CHECK OR MONEY ORDER PAYABLE TO: VERIZON WIRELESS".

39. But if payment is going to Verizon Wireless, then no collection charge should have been added to the balance.

40. Upon information and belief no collection charge was permitted to be charged.

41. Upon information and belief, Verizon Wireless did not intend to collect a collection charge.

42. Upon information and belief, the collection charge was added by Defendant.

43. Yet payment was to be made to Verizon Wireless.

44. Finally, the letter ostensibly provides the notices as required by 15 U.S.C. § 1692g regarding disputing the debt.

45. However, there are multiple addresses listed.

46. None of the listed addresses are identified as the destination for disputes.

47. Of the three addresses in the Letter other than Plaintiff's, ICS' address is the least conspicuous.

48. The ICS addresses is included in the body of the letter, not set off in any way from the other text by size, font, color, emphasis, or otherwise.

49. The two other addresses are more conspicuous.

50. They are both set off from the other text on the page.

51. One is an unidentified address at P.O. Box 64437, St. Paul, MN 55164 and the other is for Verizon at PO Box 64378, Saint Paul, MN 55164.

52. None of the addresses are specifically identified as the correct address to which to send a dispute.

53. Plaintiff was therefore confused as to how to properly dispute the debt and exercise his rights under § 1692g.

54. Listing these incorrect addresses(es) misled Plaintiff into believing a proper dispute can be sent there.

55. Plaintiff was therefore unable to straightforwardly dispute the debt resulting in wasted time.

56. Plaintiff was therefore unable to evaluate his options of how to handle this debt.

57. Moreover, because the Letter states that payment should be made out to Verizon, it appears that disputes should be sent to Verizon as well.

58. Prior to receiving this letter, ICS was an unknown entity to Plaintiff.

59. Plaintiff, or the least sophisticated consumer, expects that the entity to which they are to send payment is the same entity to which they are empowered to send a dispute.

60. This is because the creditor is in a better position to understand the nature of the underlying debt and would potentially be more receptive to accepting that a debt is invalid.

61. A consumer such a Plaintiff would be more likely to assume that he should inform the creditor that he disputes the debt.

62. Upon information and belief, disputes sent to one or more of the listed addresses will not be honored by Defendant.

63. Even if disputes would be honored at all addresses, they would not be properly processed.

64. Disputes sent to each of these addresses would not be handled identically.

65. The processing times at one or more of the addresses are unreasonable in relation to the requirements of Section 1692g.

66. In addition, and upon information and belief, one or more of the two addresses is not Defendant's.

67. It belongs to a third-party letter vendor and/or the current creditor.

68. This significantly delays disputes from reaching Defendant, if it even reaches them at all.

69. A dispute handled in this manner does not comply with the law.

70. Listing multiple addresses misled Plaintiff into believing a proper dispute can be sent to each address and be treated identically.

71. Plaintiff was therefore unable to straightforwardly dispute the debt resulting in wasted time.

72. Without clear direction as to where to mail a written dispute, Plaintiff, or the least sophisticated consumer, would likely not dispute the debt at all.

73. Without clear direction as to where to mail a written dispute, Plaintiff, or the least sophisticated consumer, would likely not dispute the debt at all because s/he would be frightened of calling the collection agency where highly trained and aggressive debt collectors answer calls.

74. Plaintiff was therefore unable to evaluate his options of how to handle this debt.

75. For all the above reasons, the letter is deceptive, false, misleading, and unfair.

76. Plaintiff would have pursued a different course of action were it not for Defendant's violations.

77. Plaintiff was therefore unable to evaluate his options of how to handle this debt.

78. Because of this, Plaintiff expended time, money, and effort in determining the proper course of action.

79. In addition, Plaintiff suffered emotional harm due to Defendant's improper acts.

80. These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

81. Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

82. Defendant's deceptive, misleading, and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately respond to Defendant's demand for payment of this debt.

83. Defendant's actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection.

84. Plaintiff was confused and misled to his detriment by the statements in the dunning letter, and relied on the contents of the letter to his detriment.

85. As a result of Defendant's deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

86. Plaintiff repeats the above allegations as if set forth here.

87. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e.

88. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any deceptive, or misleading representation or means in connection with the collection of any debt.

89. Defendant violated Sections 1692e, 1692e (2), 1692e (5), and 1692e (10) by:

   a. Listing contradictory amounts of fees due;

   b. Improperly charging a collection fee; and

   c. Including multiple addresses without identifying which is the correct destination for disputes.

90. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e, *et seq.* of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

91. Plaintiff repeats the above allegations as if set forth here.

92. In the alternative, Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692f.

93. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

94. Defendant violated this section by unfairly listing contradictory amounts of fees due, improperly charging a collection fee; and including multiple addresses without identifying which is the correct destination for disputes.

95. By reason thereof, Defendant are liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f, *et seq.* of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692g *et seq.*

96. Plaintiff repeats the above allegations as if set forth here.

97. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

98. Pursuant to 15 USC §1692g certain notices must be provided within five days of the initial communication with a consumer in connection with the collection of any debt.

99. Defendant violated 15 U.S.C. §1692g by listing contradictory amounts of fees due, improperly charging a collection fee, and including multiple addresses without identifying which is the correct destination for disputes..

100. Defendant's statements in its letter also overshadowed the Section 1692g notices.

101. By reason thereof, Defendant are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

102. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Naftali Konigsberg, individually and on behalf of all others similarly situated, demands judgment from Defendant ICS as follows:

a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Eliyahu Babad, Esq., as Class Counsel;

b) Awarding Plaintiff and the Class statutory damages;

c) Awarding Plaintiff and the Class actual damages;

d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

e) Awarding pre-judgment interest and post-judgment interest; and

f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: June 9, 2021                              Respectfully submitted,

**Stein Saks PLLC**

s/ Eliyahu Babad
By: Eliyahu Babad, Esq.
285 Passaic Street
Hackensack, NJ 07601
Phone: (201) 282-6500 ext. 121
Fax: (201) 282-6501
EBabad@SteinSaksLegal.com

*Attorneys for Plaintiff*